UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JUSTIN LORENZO THOMAS** | **CIVIL ACTION NO. 09-1527** |
| **LA. DOC # 514967** | **SECTION P** |
| **VS.** | |
| | **JUDGE MINALDI** |
| **TERRY TERRELL, ET AL.** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on August 27, 2009, by *pro se* plaintiff Justin Lorenzo Thomas. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Allen Corrections Center (ACC). Plaintiff's claims in this matter are difficult to decipher. He appears to complain about the loss of good time, being sprayed in the eyes with a chemical substance, retaliation, and potentially other claims involving his sexual orientation.

### *Statement of the Case*

This undersigned conducted an initial review of the complaint and on January 20, 2010, issued a Memorandum Order directing plaintiff to amend his deficient complaint within thirty days. [Doc. 10]. Well over ninety days have elapsed and plaintiff has not responded to that order.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f   the

plaintiff fails to prosecute or to comply with ... a court order ... ."  The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.  *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* At 629-30.  See also, *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).   Plaintiff was directed to provide additional information and he has failed to do so.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Lake Charles, Louisiana on this 3${}^{rd}$ day of August, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE